**FOR PUBLICATION**

```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS & JOHN
```

|  |  |
|---|---|
| **SAPPHIRE BEACH RESORT & MARINA CONDOMINIUM ASSOCIATION REVOCABLE TRUST, Eduardo Sinz, Trustee,** | ) ) ) ) |
|  Plaintiff, | ) Civil No. 2007-144 ) ) |
|  v. | ) ) |
| **RUBY PACHECO-BONANNO,** | ) ) |
|  Defendant. | ) ) |

**ATTORNEYS:**

**James M. Derr, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff.*

**Sharon Schoenleben, Esq.**
St. John, U.S.V.I.
    *For the defendant.*

<u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant, Ruby Pacheco-Bonanno ("Pacheco-Bonanno"), to dismiss the complaint of the plaintiff, Sapphire Beach Resort & Marina Condominium Association Revocable Trust, Eduardo Sinz, Trustee (the "Trust").

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

The Trust is the assignee of claims of the condominium association of unit owners at the Sapphire Beach Resort & Marina

*Sapphire Beach Resort v. Pacheco-Bonanno*
Civil No. 2007-144
Memorandum Opinion
Page 2

Condominium on St. Thomas, U.S. Virgin Islands. Pacheco-Bonanno allegedly owns a condominium unit and is in arrears on payments for certain common-area charges and other expenses. The Trust alleges that the amounts of money Pacheco-Bonanno has failed to pay constitute a lien on her unit under Virgin Islands law. As a consequence, the Trust brought this two-count action (1) to foreclose its alleged lien and to collect its debt and (2) to have a receiver appointed for the collection of that debt.

Pacheco-Bonanno now seeks to dismiss this action for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)[1] or, in the alternative, under the abstention doctrine articulated by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). The Trust has filed an opposition.[2]

---

[1] In her motion, Pacheco-Bonanno does not specify the rule pursuant to which she seeks dismissal of this action. The grounds asserted in her motion, however, suggest a challenge to this Court's subject-matter jurisdiction.

[2] After the Trust filed its opposition to Pacheco-Bonanno's motion to dismiss, Pacheco-Bonanno filed a motion for an extension of time within which to conduct limited jurisdictional discovery. On March 4, 2008, the Court granted that motion, allowing Pacheco-Bonanno ninety days from the date of the Order within to conduct such discovery. Well more than ninety days have passed since entry of that Order. Other than a request for document production filed on April 11, 2008, Pacheco-Bonanno has not filed a reply to the Trust's opposition.

*Sapphire Beach Resort v. Pacheco-Bonanno*
Civil No. 2007-144
Memorandum Opinion
Page 3

## II. <u>DISCUSSION</u>

**A.   Subject-Matter Jurisdiction**

A Rule 12(b)(1) motion may be treated either as a facial or a factual challenge to the court's subject-matter jurisdiction. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). A factual challenge may occur only after the allegations of the complaint have been controverted. *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir. 1977). In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 891-92; *see also Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court").

**B.   *Colorado River* Abstention**

Federal district courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817.  Federal district courts may abstain from hearing cases and controversies only under "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important

*Sapphire Beach Resort v. Pacheco-Bonanno*
Civil No. 2007-144
Memorandum Opinion
Page 4

countervailing interest." *Id.* at 813 (internal quotations omitted). "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," *id.* at 817 (internal quotations omitted), "although there are certain categories of cases in which abstention is proper." *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 305 (3d Cir. 2006).

Under *Colorado River*, abstention is proper in three situations:

> (1) cases that present federal constitutional issues that might be mooted or presented in a different posture by a state court determination of pertinent state law; (2) cases that present difficult questions of state law bearing on policy problems of substantial import whose importance transcends the result in the case then at bar; and (3) cases in which federal jurisdiction has been invoked for the purpose of restraining valid, good faith state criminal proceedings.

*Id.* (internal quotations and citations omitted). "*Colorado River* also recognized a fourth category of cases in which abstention might be proper out of respect for 'considerations of [wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (quoting 424 U.S. at 817). Pacheco-Bonanno appears to argue that this fourth category applies in this matter.

*Sapphire Beach Resort v. Pacheco-Bonanno*
Civil No. 2007-144
Memorandum Opinion
Page 5

"The threshold requirement for a district court to even entertain abstention is a contemporaneous parallel judicial proceeding. For judicial proceedings to be parallel, there must be identities of parties, claims, and time." *Id.* at 306. "Parallel cases involve the same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues.'" *Yang v. Tsui*, 416 F.3d 199, 205 (3d Cir. 2005) (quoting *Timoney v. Upper Merion Twp.*, 66 Fed. Appx. 403, 405 (3d Cir. 2003)). In other words, the "state and federal litigations [must be] 'truly duplicative.'" *Rycoline Prods. v. C & W Unlimited*, 109 F.3d 883, 890 (3d Cir. 1997) (quoting *Trent v. Dial Medical of Florida, Inc.*, 33 F.3d 217, 223 (3d Cir. 1994)). If two cases are not parallel, "the district court lacks the power to abstain." *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997).

### III. ANALYSIS

**A.  Subject-Matter Jurisdiction**

In support of her argument that this Court lacks subject-matter jurisdiction over this action, Pacheco-Bonanno urges that the parties in this matter are not diverse, as required by 28 U.S.C. 1332(a). Because the Trust has not yet filed an answer, Pacheco-Bonanno's subject-matter challenge must be considered a facial challenge. *See*, *e.g.*, *Abiff v. Yusuf*, Civ. No. 2007-151, 2008 U.S. Dist. LEXIS 40032, at *6-7 (D.V.I. May 16, 2008)

*Sapphire Beach Resort v. Pacheco-Bonanno*
Civil No. 2007-144
Memorandum Opinion
Page 6

(citing *Mortensen*, 549 F.2d at 891-92); *see also Capitol First Corp. v. Todd*, Civ. No. 04-6439, 2006 U.S. Dist. LEXIS 93359, at *21 (D.N.J. Dec. 27, 2006) (not for publication) ("As the defendants have not filed an answer, the Court considers this motion a facial attack."); *Berthesi v. Pa. Bd. of Prob.*, 246 F. Supp. 2d 434, 437 (E.D. Pa. 2003) ("As defendants have not filed an answer, their motion is necessarily a facial attack.").

The diversity jurisdiction statute provides, in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]

28 U.S.C. § 1332(a)(1). The Supreme Court has "interpreted the diversity statute to require 'complete diversity' of citizenship." *C.T. Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990). That means the citizenship of every plaintiff must be diverse from the citizenship of every defendant, unless an independent basis for original jurisdiction exists between the non-diverse parties. *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 381 (1959).

The complaint in this matter alleges that Pacheco-Bonanno is a citizen of the State of New Jersey, that the Trust is organized under the laws of the Virgin Islands, and that the Trust's

*Sapphire Beach Resort v. Pacheco-Bonanno*
Civil No. 2007-144
Memorandum Opinion
Page 7

trustee is a citizen of the Commonwealth of Puerto Rico. Complete diversity is therefore manifest from the allegations in the complaint, which the Court takes as true. As such, Pacheco-Bonanno's facial challenge to subject-matter jurisdiction fails.[3]

---

[3] Pacheco-Bonanno relies on section 202 of the Uniform Trust Code to buttress her argument that "both Plaintiff and Defendant are domiciled in the Virgin Islands." (Def.'s Mot. to Dismiss 2.) The excerpt on which Pacheco-Bonanno relies reads as follows, as provided in her brief

> (a) By accepting the trusteeship of a trust having its principal place of administration in this State or by moving the principal place of administration to this State, the trustee submits personally to the jurisdiction of the courts of this State regarding any matter involving the trust. (b) With respect to their interests in the trust, the beneficiaries of a trust having its principal place of administration in this State are subject to the jurisdiction of the courts of this State regarding any matter involving the trust . . . . .

(*Id.*) That excerpt in no way stands for the proposition that Pacheco-Bonanno urges. To the extent Pacheco-Bonanno argues that a trust's citizenship for jurisdictional purposes is based on the citizenship of the trustee, that argument fails. The Trust asserts that it is formed under Virgin Islands law and that its trustee is a citizen of Puerto Rico. Because the complaint alleges that Pacheco-Bonanno is a citizen of neither the Virgin Islands nor Puerto Rico, the legal issues surrounding the citizenship of a trust are irrelevant at this stage of the proceedings.

Furthermore, while it is true that citizenship, for the purpose of establishing diversity jurisdiction, is the same as domicile, *Frett-Smith v. Vanterpool*, Civ. No. 2000-89, 2006 U.S. Dist. LEXIS 59369, at *4 (D.V.I. Aug. 16, 2006) (citing *Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995)), *aff'd* 511 F.3d 396 (2008), Pacheco-Bonanno does not even controvert, aside from the conclusory statement cited above, that she is a citizen of New Jersey, as asserted in the complaint.

*Sapphire Beach Resort v. Pacheco-Bonanno*
Civil No. 2007-144
Memorandum Opinion
Page 8

*See, e.g., North American Kiln Service Corp. v. Merriman Steel Corp.*, Civ. No. 91-7919, 1993 U.S. Dist. LEXIS 1745, at *14-15 (E.D. Pa. Feb. 3, 1993) (denying a facial 12(b)(1) motion where "complete diversity both exists and is properly pleaded in the complaint"); *cf. Scott v. Cent. Nat'l Bank*, Civ. No. 04-4093, 2004 U.S. Dist. LEXIS 26225, at *4 (D. Kan. Dec. 21, 2004) ("The plaintiff's complaint does not support diversity jurisdiction, as it alleges that she and the defendant are both citizens of Kansas."). The Court's conclusion, of course, is without prejudice to Pacheco-Bonanno's right to bring a factual challenge to subject-matter jurisdiction once she has filed an answer. *See Huber v. Taylor*, 469 F.3d 67, 74 (3d Cir. 2007) (noting that the issue of "subject matter jurisdiction . . . cannot be waived").

B.   ***Colorado River* Abstention**

Pacheco-Bonanno next argues that the Court should abstain from hearing this action because of a purportedly parallel action currently pending in the Superior Court of the Virgin Islands. Pacheco-Bonanno claims that this Court remanded to the Superior Court another action previously pending before this Court for lack of subject-matter jurisdiction, and that the remanded action involves "the same parties and issues as the instant litigation." (Def.'s Mot. to Dismiss 1.)

*Sapphire Beach Resort v. Pacheco-Bonanno*
Civil No. 2007-144
Memorandum Opinion
Page 9

The Trust contends that the remanded action is not a parallel proceeding for *Colorado River* purposes because that action includes a defendant not named in the above-captioned action and seeks foreclosure with respect to a different condominium unit than the one implicated in the above-captioned action. Pacheco-Bonanno does not rebut that contention.

Although the two actions appear similar at first blush, they do not involve the same claims to the extent that each implicates a different property. In other words, each action rests on a distinct factual predicate. *See*, *e.g.*, *Eisenmann Corp. v. Tek-Mor, Inc.*, Civ. No. 03-4375, 2004 U.S. Dist. LEXIS 1517, at *12 (N.D. Ill. Feb. 5, 2004) (finding that two cases involved different facts for abstention purposes). Moreover, a defendant named in the Superior Court action has not been named as a defendant in the above-captioned action. *See*, *e.g.*, *Andrews v. Link-Belt Constr. Equip.*, Civ. No. 06-465, 2006 U.S. Dist. LEXIS 62584, at *7 (E.D. Va. Sept. 1, 2006) (finding that two actions "are not parallel proceedings" because, *inter alia*, "they feature different parties"). Accordingly, insofar as they involve different claims and different parties, the Superior Court action and the action before this Court are not "truly duplicative." *See Rycoline Prods.*, 109 F.3d at 890 (internal quotations and citation omitted).

*Sapphire Beach Resort v. Pacheco-Bonanno*
Civil No. 2007-144
Memorandum Opinion
Page 10

"Since the Superior Court action and the above-captioned action are not parallel proceedings, 'the threshold requirement of *Colorado River* abstention has not been met, and *Colorado River* abstention does not apply.'" *See*, *e.g.*, *Davies v. Hansen Bay Investors, LLC*, Civ. No. 2007-145, 2008 U.S. Dist. LEXIS 22948, at *8-9 (D.V.I. Mar. 20, 2008) (quoting *Bath Unlimited, Inc. v. Ginarte, O'Dwyer, Winograd & Laracuente*, Civ. No. 04-03919, 2005 U.S. Dist. LEXIS 22654, at *32-33 (D.N.J. Sept. 29, 2005) (italics added)).

## IV. CONCLUSION

For the reasons given above, the motion to dismiss will be denied. An appropriate order follows.

S_____
       **CURTIS V. GÓMEZ**
          **Chief Judge**